```
UNITED STATES DISTRICT COURT              This order pertains to
EASTERN DISTRICT OF NEW YORK              a non-party subpoena
                                          served upon Seth Katz,
- - - - - - - - - - - - - - - - - - X    Esq.

ANGELA PIRRELLO,

                    Plaintiff,           ORDER

          - against -                    08-CV-1798(KAM)(MDG)

GATEWAY MARINA, et al.

                    Defendants.

- - - - - - - - - - - - - - - - - - X
```

Lauren Rocklin, appearing as counsel for Seth Katz, an attorney at Baron Associates and prior counsel for plaintiff who has been served with a subpoena for his deposition, has filed a letter denominated as a motion to quash. Ct. doc. 94. This application is treated as a request for a pre-motion conference to discuss an anticipated motion to quash the subpoena and, pending determination, to stay the deposition. The stay is granted and a telephone conference will be held on May 27, 2010 at 9:30 a.m. to discuss whether a motion to quash is appropriate at this time and, if so, to set a schedule.

The Court notes that the parties and deponent do not appear to have made a sufficient effort to resolve their dispute. They are reminded that "the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition." In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003). Rather, "the standards set forth in Rule 26 require a flexible approach to lawyer depositions," taking into

consideration "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted."  Id.

The deposition of plaintiff's prior counsel was discussed in connection with the pending spoliation motions filed by the Brunswick defendants, Gateway Marina and RDS.  This Court expected any deposition conducted of prior counsel would be limited to issues raised by the motions.  Since some of the information sought may relate to communications between Mr. Katz and non-parties, a blanket assertion of privilege may not be appropriate.  In addition, questioning may be warranted regarding the circumstances of any communications to determine whether the substance of the communications is privileged.  The parties should confer on the scope of the deposition prior to the conference scheduled.

**SO ORDERED.**

Dated:    Brooklyn, New York
          May 26, 2010

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE