**MINUTE ORDER**

**Pirrello v. Gateway Marina, et al., 08cv01798 (KAM) (MDG)**

Seth Katz, Esq. and Baron Associates P.C., plaintiff's former counsel, move to quash plaintiff's subpoena for the deposition of Mr. Katz and the production of documents. See ct. doc. 23. The subpoena followed oral argument on motions of various defendants and third-party defendant RDS for sanctions on spoliation grounds after this Court raised questions about the actions of Mr. Katz to preserve the fuel tank at issue. The motion is denied.

Mr. Katz argues that he would be exposed to potential liability by his testimony and prejudiced by his inability to reveal privileged communications to explain why he did or did not take certain actions to preserve evidence, particularly absent a complete waiver of the attorney-client privilege as to the entire representation by plaintiff. Although plaintiff originally gave a limited waiver of the attorney-client privilege, her counsel at oral argument on August 19, 2010 clarified and agreed that her client is waiving the attorney-client privilege as to all matters raised by the spoliation motion. Inasmuch as the parties have expressly disavowed any interest in inquiring about Mr. Katz's reasons for actions he took or did not take to preserve evidence, they correctly note that questioning might not necessarily implicate the privilege at all. To insure this, this Court orders that the scope of the deposition shall be limited to the issues raised in the pending spoliation motions.

Importantly, Mr. Katz does not claim that he has no relevant nonprivileged information. Since plaintiff released Mr. Katz from his obligation to withhold testimony as to communications that were had regarding the subject evidence, he will not be unfairly prejudiced. Indeed, Mr. Katz conceded as much in his motion papers and at the conference held on August 19, 2010. In

addition, to accommodate the competing interests at issue, this Court finds that a protective order is warranted here and limits use of the transcript of Mr. Katz's deposition testimony solely for the spoliation motion pending in this litigation.  See Fed. R. Civ. P. 26(c); cf. Martindell v. Int'l Telephone and Telegraph Corp., 594 F.2d 291, 295 (2d Cir. 1979) (Rule 26(c) is designed to "encourag[e] full disclosure of all evidence that might conceivably be relevant").

This Court also denies Mr. Katz's request if the subpoena is not quashed, that the Court find that plaintiff's issuance of the subpoena waived the privilege as to all communications regarding her representation.  However, plaintiff sought Mr. Katz's testimony only at the direction of this Court to fill gaps in the record necessary to determine the motion for spoliation sanctions.  "[D]isclosure of confidential material constitutes a waiver of the attorney-client privilege only if it is voluntary and not compelled . . . ."  Transamerica Computer Co., Inc. v. IBM, 573 F.2d 646, 651 (9th Cir. 1978); In re Parmalat Sec. Litig., No. 04 MD 1653, 2006 WL 3592936, at *4 (S.D.N.Y. Dec. 1, 2006); see In re Grand Jury Proceedings, 219 F.3d 175, 191 (2d Cir. 2000) (finding no waiver of privilege where witness was compelled to testify before grand jury); Pension Committee of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC, No. 05 Civ. 9016, 2009 WL 2921302, at *1 (S.D.N.Y. Sept. 8, 2009) (finding that plaintiff had not waived privilege by disclosing communications with counsel regarding document preservation pursuant to court order).  Moreover, insofar as plaintiff is deemed to have waived the privilege by serving the subpoena, such a waiver should be limited to the narrow scope of questioning sought.  The determination of the scope of any waiver of the attorney client privilege depends on "the context of the waiver and the prejudice to the other party that limiting the waiver would cause."  Mcgrath v. Nassau County Health Care Corporation,

204 F.R.D 240, 242 (E.D.N.Y. 2001) (citing In re Grand Jury Proceedings, 219 F.3d 175, 183 (2d Cir. 2000)). The prejudice here is speculative and minimal in light of the protective order issued. Even without the protective order, the circumstances here, at most, warrant a limited subject matter waiver of the privilege, rather than a complete waiver of the privilege. Thus, plaintiff's issuance of the subpoena did not waive the privilege as to all communications regarding the representation.

**SO ORDERED.**

Dated: Brooklyn, New York
August 23, 2010

_____/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE